

✓ FILED     ___ RECEIVED
___ ENTERED     ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 1 2 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELISSA YOUNG, *et al.*, | 3:16-cv-00678-VPC |
| Plaintiffs, | |
| v. | **ORDER** |
| ANDRES MARISCAL, *et al.*, | |
| Defendants. | |

The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and LR IB 2-1. Before the court is defendants' motion to dismiss (ECF No. 17). Plaintiffs opposed (ECF No. 25), and defendants replied (ECF No. 29). For the reasons stated below, the court denies defendants' motion to dismiss (ECF No. 17).

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 22, 2016, Melissa Young ("plaintiff") filed a complaint on behalf of herself and her minor son, J.B.R., as his guardian ad litem, against defendants Washoe County School District (the "District" or "WCSD") and Andres Mariscal ("Mariscal") (collectively "defendants") for violation of the Fourth and Fourteenth Amendments, battery, negligence, and for intentional infliction of emotional distress. (ECF No. 17 at 3.) On December 30, 2016, plaintiffs amended their complaint by eliminating their Fourteenth Amendment claim. (ECF No. 10.) Plaintiffs' amended complaint brings a claim under 42 U.S.C. § 1983 for violation of J.B.R.'s Fourth Amendment protection against excessive force and seizure, battery, intentional infliction of emotional distress, and negligence. (ECF No. 10 at 5-8.)

The alleged events giving rise to plaintiffs' amended complaint are as follows. J.B.R. was a 14-year-old general education student enrolled in Mariscal's Spanish class at Sparks Middle School ("SMS") during the 2015-2016 school year. (ECF No. 25 at 2.) On December 3, 2015, Mariscal repeatedly denied J.B.R. access to a water fountain when J.B.R. felt ill, nauseous, and

light headed. (ECF No. 10 at 3.) Without Mariscal's permission, J.B.R. left the classroom for the school drinking fountain. (*Id.*) According to a SMS surveillance video, Mariscal exited the classroom to approach J.B.R. and allegedly grabbed J.B.R.'s right wrist forcefully while J.B.R. was bent over at the water fountain. (*Id.*) The surveillance video also showed Mariscal pulling J.B.R. up by his right wrist and spinning him around to restrain him. (*Id.*) Bruises were allegedly left on J.B.R.'s wrist due to Mariscal's forceful grab. (*Id.*) The surveillance video later showed Mariscal placing his face inches away from J.B.R.'s face as he appeared to be angrily saying something to J.B.R. (*Id.*) Mariscal proceeded to allegedly strike J.B.R. using his right shoulder which forced J.B.R. to hit the wall behind him. (*Id.*)

On December 4, 2015, J.B.R. reported the incident to Young who later reported the incident to Vice Principal Patti Allyn ("Allyn"). (*Id.*) On December 7, 2015, Allyn reported the incident to Principal Jerry Endres ("Endres"), who immediately placed Mariscal on administrative leave from the school, and contacted the Washoe County School District Police Department ("WCSDPD"). (*Id.* at 3-4.) WCSDPD Officer Michael Hughes ("Officer Hughes") investigated the incident, and interviewed J.B.R. (*Id.* at 3.) Detective Ernest Lorentzen ("Detective Lorentzen") reviewed the videotape and wrote, "…Mariscal grab[bed] [J.B.R.] abruptly by the right arm and pull[ed] him toward the classroom door away from the fountain…[J.B.R.] did not make any aggressive motions towards Mariscal during the confrontation, and had his hands down at his waist. As the confrontation continue[d]…[Mariscal] use[d] his right shoulder to quickly strike [J.B.R.] in the left shoulder pushing him toward the classroom. The strike, or 'shoulder check' had enough force to push [J.B.R.] against the wall. [J.B.R.] continued to not retaliate in any way." (*Id.* at 4.)

On December 9, 2015, Mariscal was interviewed by school police where he claimed he thought J.B.R. was going to punch him, so he "shoulder checked" J.B.R. to protect himself. (ECF No. 17 at 5.) Officer Lorentzen responded "…that was clearly not the case as [J.B.R.] is backing up and [Mariscal] is in his face. I stated the issue I have with the incident is [Mariscal] hit [J.B.R.] with his shoulder and the video is clear." (ECF No. 10 at 4.)

As part of an investigative report dated December 17, 2015, Officer Hughes wrote that Mariscal "went right up to [J.B.R.] who was still bent over at the water fountain, and grabbed [J.B.R.'s] right wrist. Mariscal then pulled [J.B.R.] up and spun him around...Then Mariscal appeared to be saying something to [J.B.R.]. Then the video showed Mariscal shoulder check[ed] [J.B.R.] with his right shoulder..." (*Id.*) Detective Lorentzen requested a warrant be issued for Mariscal to be charged with simple battery, but Mariscal pled down to a charge of disturbing the peace following negotiations with a Sparks City Attorney. (*Id.* at 5.)

## II.    LEGAL STANDARD

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

# III. DISCUSSION

## A. Civil Rights Claims Under § 1983: Fourth Amendment

Plaintiffs bring their claim under Title 42 U.S.C. § 1983 and allege that J.B.R. had a constitutional right under the Fourth Amendment to be free from unreasonable seizures and excessive physical force, and that Mariscal, a public educator, violated those rights. (ECF No. 10 at 5-6.) Defendants move to dismiss plaintiffs' complaint for failure to state a claim under the Fourth Amendment. (ECF No. 17.) Defendants claim that plaintiffs fail to allege that J.B.R. sought medical treatment for the incident, or that any physical injuries, other than apparent bruising on his wrist, occurred as a result of the incident. (ECF No. 17 at 5.) Moreover, defendants claim that plaintiffs fail to allege that J.B.R. was unable to return to class, that he was forced to stay by the drinking fountain, or that he was unable to return to school as a result of the incident. (*Id.*)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

The Ninth Circuit has said "that excess force by a [school official] against a student violate[s] the student's constitutional rights." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1180 (9th Cir. 2007) (quoting *P.B. v. Koch*, 96 F.3d 1298, 1302–03 (9th Cir. 1996)) (affirming the denial of qualified immunity for allegations of the violation of § 1983). The

educator's alleged use of excessive force is analyzed under the "reasonableness" rubric of the Fourth Amendment. *Preschooler* II, 479 F.3d at 1180; *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1053 (D. Nev. 2007). Existing law plainly prohibits excessive hitting, dragging, or throwing of public school children. *Preschooler II*, 479 F.3d at 1182. Further, it is permissible for a plaintiff to allege a § 1983 claim asserting an educator's use of excessive force as violating the Fourth Amendment. *See id.* at 1180.

A Fourth Amendment seizure occurs when there is a restraint on an individual's liberty to the degree that a reasonable person would not feel free to leave. *Doe ex rel. Doe v. Hawaii Dep't of Educ.*, 334 F.3d 906, 909 (9th Cir. 2003) (citing *United States v. Summers*, 268 F.3d 683, 686 (9th Cir. 2001)). The reasonableness of the seizure must be considered in light of the educational objectives being achieved during school. *Doe ex rel. Doe*, 334 F.3d at 909 (citing *New Jersey v. T.L.O.*, 469 U.S. at 341–42 (1985)). In *T.L.O.*, the Court emphasized that a school related search "must be reasonably related to its purpose, and must not be excessively intrusive in light of the age and sex of the student and the nature of the infraction." 469 U.S. at 341–42. The court uses an objective approach to determine whether a seizure violates the Fourth Amendment within an educational setting. *Doe ex rel. Doe*, 334 F.3d at 909 (citing *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002)).

As pled, plaintiffs' allegations that Mariscal utilized excessive force and effectuated an unreasonable seizure are sufficient to assert a cognizable Fourth Amendment violation. (*See* ECF No. 10.) Thus, plaintiffs have properly alleged a violation of a federally-protected right.

Next, "a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state." *West v. Atkins*, 487 U.S. 42, 50 (1988). There is no dispute that Mariscal was acting under the color of state law in his position as a public educator. Thus, plaintiffs have properly alleged that Mariscal was acting under color of state law.

Plaintiffs have properly alleged both requirements of an acceptable § 1983 claim, therefore, defendants' motion to dismiss is denied.

Finally, because plaintiffs have stated a plausible claim for relief under § 1983, this court will exercise its supplemental jurisdiction over plaintiff's remaining state law claims. (ECF No. 10 at 5-8.)

**B.     Qualified Immunity**

Defendants assert that plaintiffs' claim should be dismissed because Mariscal is entitled to qualified immunity. (ECF No. 17 at 18.)    State officials who are sued individually may be protected from civil liability for money damages by the qualified immunity doctrine.  More than a simple defense to liability, the doctrine is "an entitlement not to stand trial or face other burdens of litigation . . ." such as discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When conducting a qualified immunity analysis, the court uses a two-part test and asks (1) whether the facts alleged demonstrate that an official violated a constitutional right and (2) whether the constitutional right was "clearly established." *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009)).  A right is clearly established if it would be clear to a reasonable official in the defendant's position that his conduct in the given situation was constitutionally infirm. *Anderson v. Creighton*, 483 U.S. 635, 639–40 (1987); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012).  The court may analyze the elements of the test in whatever order is appropriate under the circumstances of the case. *Pearson*, 555 U.S. at 240–42.

The Ninth Circuit has held that "excessive and unreasonable corporal punishment of public school students violates the students' constitutional rights." *Preschooler II*, 479 F.3d at 1181-82 (citing *Koch*, 96 F.3d at 1304).  As discussed above, an allegation that an educator violated the Fourth Amendment through the use of excessive force against a student falls within the realm of a § 1983 claim. *See id.* at 1180.  Accordingly, the first prong is satisfied.  When viewing the facts in the light most favorable to plaintiffs, Mariscal grabbed and struck J.B.R. in order to punish him for leaving the classroom.  The general law concerning corporal punishment of public school children was clearly established at the time of the alleged events. *See Preschooler II*, 479 F.3d at 1182; *see also Rosenstein v. Clark County Sch. Dist.*, 2014 WL

3002075, *3 (D. Nev. July 2, 2014). There is no merit to defendants' argument that Mariscal should be shielded from liability because he believed his conduct was reasonable, especially given that Mariscal was criminally charged as a result of the incident. Further, a reasonable public educator would be on notice that the alleged acts would violate the Fourth Amendment. Therefore, the second prong has been satisfied, and qualified immunity is not available to Mariscal.

## IV.   CONCLUSION

For good cause appearing and for the reasons stated above, defendants' motion to dismiss (ECF No. 17) is denied.

DATED: _June 12, 2017_

_____
UNITED STATES MAGISTRATE JUDGE