**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MELISSA YOUNG, et al.,

    Plaintiffs,

  v.

ANDRES MARISCAL, et al.,

    Defendants.

3:16-cv-00678-VPC

**ORDER**

Before the court is the motion of defendants Washoe County School District and Andres Mariscal's (collectively "defendants") for reconsideration (ECF No. 39) of this court's June 12, 2017 order denying their motion to dismiss (ECF No. 38). Melissa Young ("plaintiff") opposed (ECF No. 40), and defendants replied (ECF No. 41). For the reasons articulated below, the court denies defendants' motion for reconsideration.

## I. Background and Procedural History

On November 22, 2016, plaintiff initiated a lawsuit under 42 U.S.C. § 1983 alleging that defendants violated J.B.R.'s Fourth Amendment rights and a series of state law violations, after confronting plaintiff J.B.R. in an open hallway at Sparks Middle School. (ECF No. 10; ECF No. 40 at 3.) On January 13, 2017, defendants filed their motion to dismiss plaintiff's first amended complaint, arguing that plaintiff failed to state a colorable Fourth Amendment claim. (ECF No. 17.)

This court denied defendants' motion to dismiss, finding that plaintiff properly pled a § 1983 claim and that qualified immunity was not available to defendant Mariscal. (ECF No. 38.) On June 29, 2017, defendants filed their motion for reconsideration arguing that the court erred in failing to consider the educational context of plaintiffs' Fourth Amendment claim, and in denying defendant

-1-

Mariscal's qualified immunity argument. (ECF No. 39 at 5-7.) On July 7, 2017, plaintiff filed her opposition to the motion and requested appropriate sanctions due to defendants' violation of Local Rule 59-1(b). (ECF No. 40 at 5.) Defendants replied (ECF No. 41).

## II. Legal Standard

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders. *See, e.g.,* Fed. R. Civ. P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding"). However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

Therefore, a motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence, (2) has committed clear error, or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). However, it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. As the case law indicates, motions to reconsider are granted rarely. *See, e.g., School Dist. No. 1J*, 5 F.3d at 1263.

## III. Discussion

Local Rule 59-1 addresses motions for reconsideration and states:

> **(a)** Motions seeking reconsideration of case-dispositive orders are governed by Fed. R. Civ. P. 59 or 60, as applicable. A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in

legal or factual circumstances that may entitle the movant to relief also must be stated with particularity. The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

**(b)** Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.

Plaintiff contends that defendants violated Local Rule 59-1(b) because defendants have offered no newly discovered evidence, the court did not commit clear error, nor was the decision manifestly unjust, and there is no intervening change in controlling law. The court agrees.

Defendants' motion for reconsideration contains redundant and repetitive arguments that were already presented in their motion to dismiss. (*Compare* ECF No. 17 *with* ECF No. 39.) For example, defendants reassert their position, pursuant to *New Jersey vs. T.L.O.*, 469 U.S. 325, 342 (1985), that defendant Mariscal's actions were reasonable and did not constitute an actionable Fourth Amendment violation. (ECF No. 17 at 13-14; ECF No. 39 at 5.) Defendants also continue to cite non-controlling, out-of-circuit case law that was previously used in their motion to dismiss such as, *Gottlieb ex. Rel. v. Laurel Highlands School Dist.*, 272 F. 3d 168, 178 (3d Cir. 2001), *Wallace v. Batavia Sch. Dist. #101*, 68 F.3d 1010 (7th Cir. 1995), and *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 393 (6th Cir. 2005). (ECF No. 17 at 12-15; ECF No. 39 at 5-6; ECF No. 41 at 5.) Defendants are admonished not to rely on out-of-circuit precedent before this court as a means to explain controlling, intervening law. Defendants should also thoroughly review and understand the standard for motions for reconsideration and LR 59-1 before filing such a motion. Motions for reconsideration are rarely granted and are reserved for when the (1) the court is presented with newly discovered evidence, (2) has committed clear error, or (3) there has been an intervening change in controlling law. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). For these reasons, defendants' motion for reconsideration is denied.

The court declines to strike defendants' motion and it will not issue monetary sanctions at this time. However, defendants are strongly urged to review the Local Rules of this court and Ninth Circuit case law before filing such motions in the future.

**IV.    Conclusion**

For the reasons articulated above, the court denies defendants' motion for reconsideration (ECF No. 39).

**IT IS SO ORDERED.**

**DATED:** August 1, 2017.

_____

**UNITED STATES MAGISTRATE JUDGE**